ORIGINAL

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 MAY -4 ⋯ 9: 43

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WACHOVIA INSURANCE SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Civil Action No. 406-CV-083 |
| DAVID E. PADDISON, KAVIN K. SMITH, | ) |
| CHARLES STEVEN EAGLE, MICHAEL E. | ) |
| BUTLER, MARY DEBORAH RICH, CINDY | ) |
| ROBINETT, LOUIS ALLAN REYNOLDS, JR., | ) |
| and SEACREST PARTNERS, INC., | ) |
| | ) |
| Defendants. | ) |

## BRIEF IN SUPPORT OF SECOND MOTION TO QUASH
## SUBPOENAS AND FOR A PROTECTIVE ORDER

COME NOW David E. Paddison, Kavin K. Smith, Charles Steven Eagle, Michael

E. Butler, Mary Deborah Rich, Cindy Robinett, Louis Allan Reynolds, Jr., and Seacrest

Partners, Inc. ("Defendants"), and file this Brief in Support of Second Motion to Quash

Subpoenas and for a Protective Order.

## I. PROCEDURAL HISTORY AND STATEMENT OF FACTS

### A.    Procedural history

Plaintiff filed its Complaint (Doc. #1) on Friday, March 24, 2006, and served five

Defendants that day, two on Monday, March 27, 2006, and the remaining one on

Wednesday, March 29, 2006.    Plaintiff filed an Emergency Motion for Expedited

Discovery on March 28, 2006, seeking emergency discovery to support a proposed motion

for a preliminary injunction.  (Doc. # 5.)  This Court entered an Order on April 6, 2006,

allowing the Parties to conduct limited discovery relative to Plaintiff's claims in support of

a proposed motion for a preliminary injunction.  (Doc. # 19.)  Plaintiff filed its First

Amended Complaint (Doc. # 24) on April 12, 2006. Defendants filed a Motion to Dismiss (Doc. # 33) and Brief in Support (Doc. # 34) on April 21, 2006, moving the Court to dismiss the First Amended Complaint for failure to state a claim and for lack of subject matter jurisdiction.

Plaintiff has submitted Interrogatories, Requests for Production of Documents and Requests for Admissions to the Defendants, which have been answered. Additionally, Plaintiff has sent subpoenas to numerous non-parties, including the cellular phone providers for each of the Defendants and five of Defendant Seacrest Partners, Inc.'s current clients.

The Defendants filed their first Motion to Quash and for Protective Order on April 25, 2006, which prayed that the subpoenas directed to the Defendant's phone companies be

> quashed, and [that the Court] order that the scope of discovery that Plaintiff may seek and to which Defendants and third parties may be compelled to answer, produce or otherwise testify be limited to those matters that are relevant to Plaintiff's claims for injunctive relief, relate the Defendants' contact with clients or prospective clients of Plaintiff and do not seek information that is personal, protected by the right to privacy or pertains to confidential commercial information.

(Doc. 37 at 11.) This Motion was referred to Magistrate Judge Smith on April 25, 2006, and is currently pending. On May 2, 2006, Plaintiff filed a Memorandum of Law in Opposition to Defendants' Motion to Quash Subpoenas and for a Protective Order.

The Defendants file this Second Motion to Quash and for Protective Order in response to the non-party subpoenas that were directed at Defendant Seacrest Partners, Inc.'s clients described below.

**B.    Statement of facts**

On April 24, 2006, counsel for the Defendants received notice that on April 21, 2006 Plaintiff directed subpoenas to be served on SouthCoast Medical Group, LLC, Metal Crafts, Inc., MacAljon/SCL, Inc., Carroll & Carroll, Inc. and Hy-Sil Manufacturing Company, Inc. who are all clients of Defendant Seacrest Partners, Inc. See Subpoena directed to SouthCoast Medical Group, LLC attached hereto as Exhibit "A," Subpoena to Metal Crafts, Inc. attached hereto as Exhibit "B," Subpoena to MacAljon/SCL attached hereto as Exhibit "C," Subpoena to Carroll & Carroll, Inc. attached hereto as Exhibit "D" and Subpoena to Hy-Sil Manufacturing Company, Inc. attached hereto as Exhibit "E."

The subpoenas, while varying slightly in scope, request records and documents relating to

1.    Any and all documents, materials, and things that SouthCoast (including any employee, agent, or representative of SouthCoast) has received from Seacrest, including but not limited to, letters, emails, email attachments, text messages, press releases, business statements, business cards, brochures, pamphlets, biographical statements, agreements, contracts, invoices, quotes, proposals, temple or sample broker of record letters, draft or template letters notifying Wachovia Insurance Services ("WIS") of SouthCoast's decision to terminate the "existing consulting contract" that is referenced in Ms. Jill S. Harrison's March 30, 2006, letter to Mr. Joe Hargrove, suggested or sample language for notifying WIS of SouthCoast's decision to cancel the above-reference "consulting contract," etc.

2.    Any and all written contracts/agreements (including any proposed contracts/agreements and draft contract/agreements), correspondence (including emails, email attachments, test messages, letters, memoranda, and faxes), and other documents that evidence, memorialize, describe, or reflect any actual, prospective, or proposed contracts, agreements, and/or understandings between SouthCoast and Seacrest relating to employee benefits, benefit consulting, services relating to employee benefits, insurance consulting services, insurance brokerage services, and/or other

insurances services (including services relating to captives, excess insurance, stop-loss insurance and reinsurance).

3. Any and all documents that evidence, memorialize, describe, or reflect any negotiations and/or communications with, to, or from Seacrest and/or any of the Individual Defendants concerning or relating to any of the actual, prospective, and/or proposed contracts, agreements, or understandings that are described in Specification No. 2 above.

4. Any and all documents that evidence, memorialize, describe, or reflect any meetings actual or prospective transactions, and/or communications to Seacrest, from Seacrest, quotes, bids, letters, email, email attachments, text messages, etc., faxes, memoranda, notes from conversations, notes or minutes from meetings, telephone message, voice-mail messages, etc.

5. Any and all documents that evidence, memorialize, describe, or reflect any meetings, actual or prospective transactions, and/or communications to any of the Individual Defendants, from any of the Individual Defendants, and/or with any of the Individual Defendants during the period from January 4, 2006 through March 3, 2006, including but not limited to, proposals, quotes, bids, letters, email, email attachments, text messages, faxes, memoranda, notes from conversations, notes or minutes from meetings, telephone messages, voice-mail messages, etc.

6. Any and all documents that evidence, memorialize, describe, or reflect any meetings, actual or prospective transactions, and/or communications to any of the Individual Defendants, from any of the Individual Defendants, and/or with any of the Individual Defendants during the period from March 3, 2006 to the present, including but not limited to, invoices, bills, statements, proposals, quotes, bids, letters, email, email attachments, text messages, faxes, memoranda, notes from conversations, notes or minutes, telephone messages, voice-mail messages, etc.

7. Any and all documents, information, and other materials relating to employee benefits, any actual or prospective employee benefit plan or program, any insurance policy (including excess insurance, stop-loss insurance, and reinsurance), the renewal or placement of any insurance policy, insurance coverage, and/or any issue or matter involving or relating to insurance, employee benefits, and/or surety bonds, that SouthCoast (including any employee, agent, or representative of SouthCoast) sent, provided, or gave to any of the Individual Defendants during the period from January 4, 2006 through March 3, 2006.

8. Any and all documents, information, and other materials relating to employee benefits, any actual or prospective employee benefit plan or program, any insurance policy (including excess insurance, stop-loss

insurance, and reinsurance), the renewal or placement of any insurance policy, insurance coverage, and/or any issue or matter involving or relating to insurance, employee benefits, and/or surety bonds, that SouthCoast (including any employee, agent, or representative of SouthCoast) has set, provided, or given to any of the Individual Defendants and/or Seacrest during the period from March 3, 2006 to the present.

9. Any and all documents that evidence, memorialize, reference or relate to any service that Seacrest has performed or engaged in for SouthCoast.

10. Any and all documents in the possession, custody, or control of SouthCoast that relate or refer to Seacrest.

See Subpoena to SouthCoast Medical Group, LLC attached hereto as Exhibit "A."

These subpoenas seek, in part, information related to the client relationship after the agent of record letter or broker of record letter containing highly sensitive rating and pricing confidential information that could be used in an effort to unfairly compete against the Defendants. See Affidavit of David E. Paddison attached hereto as Exhibit "F." Information related to the premiums and rates charged could only be used for competitive purposes and not to support Plaintiff's claims. Id.

## II. LAW AND ARGUMENT

### A.    INTRODUCTION

Plaintiff's recent round of subpoenas is a further effort to invade the confidential business relationship the Defendants have with their clients. The Defendants maintain that they have conducted themselves professionally and ethically at all times relevant to this litigation, and that those clients whom Plaintiff has targeted made the independent decision to do business with the Defendants. Once these clients made this independent decision, their relationship with the Defendants is entitled to all possible safeguards and

shielding permitted by law. Likewise, the confidential commercial information that documents the Defendants' business relationships warrants protection by this Court.

Plaintiff's requests totally disregard the relationship between the Defendants and their clients. As with the previous requests, Plaintiff's present intrusion seeks information devoid of a connection to its claims for injunctive relief. Confidential commercial information concerning the on-going business relationship between the Defendants and their clients has no connection to Plaintiff's claims that the Defendants have solicited away Plaintiff's clients.

Defendants agree that Plaintiff is entitled to information from Defendants' clients relating to contact between the Defendants and the clients prior to the execution of an agent of record letter or broker of record letter. However, Plaintiff's requests far exceed this body of information. Information related to the client relationship after the agent of record letter or broker of record letter contains highly sensitive rating and pricing confidential information that could be used in an effort to unfairly compete against the Defendants. Information related to the premiums and rates charged could only be used for competitive purposes and not to support Plaintiff's claims. To be permissible, Plaintiff's broad requests must be tailored to seek only information concerning communications or contact between the Defendants and the clients that occurred prior to the client's execution of an agent of record or broker of record letter.

Defendants have conferred with Plaintiff in an effort to reach an agreement as to the scope the requests. See Rule 26(c) Certification of Wiley A. Wasden, III attached hereto as Exhibit "G". Defendants have offered to work with Plaintiff to locate an independent third party, subject to a confidentiality agreement relating to the protection

of confidential business information and non-relevant information to Plaintiff, and at Plaintiff's expense, to perform a review of the information sought under an agreed upon search template and disclose such information to the parties.

## B.   MOTION TO QUASH

### 1.   Defendants clearly have standing to challenge the subpoenas submitted by Plaintiffs to various non-parties.

The Eleventh Circuit follows the rule that a party to a case has standing to challenge a subpoena to a non-party if the challenging party alleges a "personal right or privilege" with respect to the subpoenas. Auto-Owners Insurance Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citing Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979) and State of Florida v. Jones Chemical, Inc., 1993 WL 388645 (M.D. Fla. 1993).

### 2.   Information related to the business relationship between the Defendants and their clients constitutes confidential commercial information subject to the court's protection.

As stated in Defendants Motion to Quash filed on April 25, 2006, Rule 45(c)(3)(a)(iii) provides that "the court by which a subpoena was issued shall quash or modify the subpoena if it … requires disclosure of privileged or other protected matter and no exception or waiver applies[.]" FED. R. CIV. P. 45(c)(3)(a)(iii).  A subpoena is likewise "subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)." Syposs v. United States, 181 F.R.D. 224, 226-27 (W.D.N.Y. 1998). Finally, Rule 45(c)(3)(B)(i) provides that "[i]f a subpoena … requires disclosure of a trade secret or other confidential research, development, or commercial information … the court may order appearance or production only upon specified conditions." FED. R. CIV. P. 45(c)(3)(B)(i).

In Syposs, a medical malpractice case brought under the Federal Tort Claims Act, the plaintiff alleged that Defendant Drs. Teruel and Meyers provided negligent medical treatment. Id. at 226. Plaintiff learned during his deposition of Dr. Meyers that Dr. Meyers had spoken by phone to Dr. Teruel the day before. Id. Dr. Meyers testified that Dr. Teruel had simply advised him to tell the truth in his deposition. Id. Dr. Meyers made the call from his cellular phone. Id. Dr. Meyers further testified that he had not had any contact with Dr. Teruel for the preceding two years. Id. Following the deposition, the plaintiff issued a subpoena for Dr. Meyers' phone records for the period two months before and a month after the deposition. Id. Dr. Meyers filed a motion to quash the subpoena, arguing that his privacy would be unnecessarily invaded if he complied with the subpoena, that the information sought was irrelevant, and that the subpoena amounted to a "fishing expedition." Id.

The Syposs court found that, while the records pertaining to communications between Dr. Meyer's and his clients were not shown to be trade secrets, the records were "confidential commercial information" subject to protection by Rule 45(c)(3)(B)(i). Id. at 226-27. The Court noted that the information sought by Plaintiff "qualifi[es] as confidential commercial information." Id. The court found that Dr. Myers confidentiality interests could be preserved by presenting them for an *in camera* review for a comparison of the numbers listed on his records with Dr. Teruel's phone numbers and a determination by the court as to the existence of the requested information. Id. at 229. The court conducted the *in camera* review and found that information sought to be protected did not appear on the records, and therefore, the records could be produced. Id.

The thrust of the <u>Syposs</u> holding is that information relating to contact with clients or customers qualifies as confidential commercial information and warrants protection.

An *in camera review* of the records in this case would reveal confidential commercial information that relates to activities after the employment of the Defendants by Plaintiff <u>and</u> subsequent to the executions of broker of record and/or agent of record letters. Therefore, following the guidance of <u>Syposs</u>, an *in camera review* would be necessary to preserve the interests of the Defendants and their clients.[1]

### 3.    The <u>Syposs</u> standard applies to the present case.

In determining the privacy interest in confidential commercial information, the <u>Syposs</u> court properly distinguished the line of cases applying a heightened Fourth Amended standard. The plaintiff in <u>Syposs</u> relied upon <u>Smith v. Maryland</u>, 442 U.S. 735 (1979), which held that there was "no reasonable expectation of privacy in telephone numbers, dialed by a person from his private telephone as recorded by the phone service company." <u>Id</u>. at 227. As noted by the <u>Syposs</u> court, cases following the <u>Smith</u> rationale are not applicable to the present case. Those cases involve criminal matters in which a defendant attempts to avail himself of the protections of the Fourth Amendment to prevent a purported unlawful search. The Fourth Amendment requires "a substantially more demanding showing than the broad relevancy test which governs the exercise of discovery under the Federal Rules of Civil Procedure." <u>Syposs</u>, 181 F.R.D. at 227.

---

[1] Defendants do not believe an *in camera review* is the only available option to preserve their interests in the confidential information. As noted, Defendants have agreed to work with Plaintiff to locate an independent third-party, subject to a confidentiality agreement as it relates to disclosing non-relevant, non-confidential information to Plaintiff, and at Plaintiff's expense, to review the requested information under an agreed upon search template and disclose such information to the parties.

Thus, it is sensible that a reasonable expectation of privacy be required for targeted information to invoke a need to show probable cause in the typical criminal investigation subject to Fourth Amendment protections but that less stringent thresholds for protection of confidential information against discovery request based on relevancy be required to protect against unfettered discovery in the arena of civil litigation. Confidential information that does not establish a constitutionally protected privacy interest may nevertheless be entitled to protection against unwarranted public disclosure resulting from discovery in federal civil litigation.

Id.

In its Memorandum of Law in Opposition to Defendants' Motion to Quash Subpoenas and for Protective Order filed on May 2, 2006, Plaintiff attempts to minimize the effect of the Syposs holding by claiming that the reasoning was based upon the doctor-client privilege, relevance of the records at issue in the Syposs case and the impracticality of the *in camera review*.

A thorough reading of the Syposs decision reveals no reliance by the court on the doctor-patient privilege. If such were the case, the would could have held that the information was *privileged* and shielded from disclosure under Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure which protects against a request that "requires disclosure of privileged or other protected matter." It did not. *Instead*, the court centered its holding on the *confidential* commercial information language of Rule 45(c)(3)(B)(i).

Plaintiff also seems to reason that the "marginal relevance" of the records at issue in Syposs undercuts the weight of its authority. Just as Rule 401 of the Federal Rules of Evidence and Rule 26 of the Federal Rules of Civil Procedure do not classify the *degrees* of relevancy, the Syposs court did not limit its holding to cases where the material sought was solely on the *fringe* of relevance. Although Plaintiff has unilaterally downgraded the relevance of the material in Syposs and elevated the relevance of the material it has

requested in the present case, its efforts should not, and do not, affect the well-reasoned authority of Syposs.

Finally, Plaintiff argues that a third-party review, e.g. an *in camera review* by this Court, a special master or an agreed upon third-party, is "completely unworkable" in the present case. Plaintiff argues that the "universe of potentially relevant numbers here include[s] (but [is] not limited to) all of the phone numbers that are associated with the hundreds of Covered Clients and Covered Prospects that are within the scope of the Defendants' Restrictive Covenant Agreements." (Doc. XX at 23.) Plaintiff acknowledges that there is no concise, defined group of "Covered Prospects" as they define the term in the Nonpiracy Agreements (Doc. 24-1 at ## 1-7) that Plaintiff alleges the individually named Defendants have violated. Plaintiff's argument is apparently that it does not know who its own Covered Clients and Covered Prospects are and that the Court should, for that reason, require the disclosure of confidential commercial information. Plaintiff's argument is disingenuous in that it is unable to identify its Covered Clients and Covered Prospects while at the same time criticizing the Court's ability to distinguish confidential information from relevant information.

Plaintiff fails to demonstrate why the Court should part with the reasoning of Syposs, and therefore, this Court applying the proper rationale of the Syposs decision should recognize the protected interest the Defendants have in the information sought by Plaintiff's subpoenas.

4. **This Court should determine, consistent with the Syposs decision, that Plaintiff should not be allowed to intrude into the Defendants' business relationships.**

11

As with Plaintiff's previous subpoena requests, the recent requests are a further attempt to disrupt and interfere with Defendants' right to operate their business in the free market. Defendants assert that the targeted clients of Seacrest have established business relationships voluntarily and within the bounds of a free market. Plaintiff now seeks to meddle with and strain these relationships. Plaintiff must not be allowed, under the guise of relevance it obtain broad and sweeping discovery in hopes that if the nets are cast wide enough it will find *something*. Plaintiff can point to no reasoning, beyond the fact that the Defendants *have* clients, to support its dubious claims and justify an incursion of this magnitude.

In response to former clients of Plaintiff making the independent and voluntary decision to do business with Seacrest, Plaintiff has cried foul play and demands access to all information related to the business relationships. While Plaintiff may feel slighted at the notion that its former client may choose to conduct business elsewhere, that alone does not warrant Plaintiff's current attempted intrusion.

As stated above, the Defendants agree that Plaintiff is entitled to a limited and defined range of relevant information. That defined range consists of information related to contact or communication between the Defendants and the clients of Plaintiff leading up to the point in time where the client executed an agent or broker of record letter in favor of the Defendants. Plaintiff has no claim or right to information outside this range and none of its claims supported access to information beyond these periods. The Defendants have a legitimate interest in their confidential commercial information to which Plaintiff may not invade or interfere and are entitled to the Court's protection.

The law is clear that Plaintiff should not be allowed to use discovery as a "fishing expedition" to obtain such "confidential commercial information subject to protection[.]" Id. Plaintiff should not be given a "free peek" into the individual Defendants' business relationships and the Court should quash Plaintiff's subpoenas.

## C.    MOTION FOR PROTECTIVE ORDER

To the extent that the Court allows the subject subpoenas, the Defendants request that a protective order be entered that limits the commercial information that may be obtained by Plaintiff.   As stated above, Plaintiff seeks to gain access to the confidential business relationship the Defendants enjoy with their clients.  This information contains, in part, highly sensitive pricing and rating information that if supplied to Plaintiff could be used by Plaintiff to improperly to gain a competitive advantage.  This information will not support Plaintiff's claims or theories and will at most serve to damage or interfere with the relationships the Defendants have with their clients.  Defendants are entitled to a protective order restricting the reach of Plaintiff's requests to exclude information relating to client relationships after execution of an agent or broker of record letter.

### 1.    Defendants are entitled to a protective order to prevent discovery of the Defendants' confidential commercial information.

The Defendants have broad standing to seek a protective order in response to the referenced subpoenas.  Rule 26(c) of the Federal Rules of Civil Procedure states as follows:

> Upon motion by a party of the person from discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken my make any

order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense[.]

FED. R. CIV. P. 26(c). "The decision to enter a protective order is within the court's discretion and does not depend on a legal privilege." Auto-Owners Insurance Company v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 430 (2005). This Court may enter an order that tailors the permissible requests to comply with the scope of the relevancy requirements of Rule 26 of the Federal Rules of Civil Procedure. Id.

The United States District Court for the District of Columbia recently described the evaluation a Court should undertake in determining whether to allow discovery of certain commercial information by subpoena to a non-party. Falicia v. Advanced Tenant Services, Inc., __ F.R.D. __, 2006 WL 752936 (D.D.C. March 22, 2006).

> In determining whether information is protected by Rule 45, courts must evaluate whether the information being sought is commercial information that should not be disclosed to the public. There are several factors courts consider in making this assessment. First, courts have traditionally evaluated whether release of the information would unfairly harm the disclosing party's ability to compete in the marketplace. If the answer to this question is in the affirmative, the information is protected from disclosure. This result is called for because commercial information can be used to directly compete with the disclosing party or, alternatively, might be disclosed by a competitor to decrease the competitive advantage of the commercial information. Thus, another relevant factor for a court to consider is who potentially could receive the information. Therefore, courts understandably "presume[ ] that disclosure to a competitor is more harmful than disclosure to a noncompetitor." If a court determines that the subpoena requests commercial information, the burden shifts to the party seeking the information to show that obtaining the information is both relevant and necessary. If this burden is satisfied, then the court must balance the two competing interests and determine what aspect of the subpoena, if any, will be enforced.

Id. (citations, internal quotations omitted).

In the present case, the parties are governed by an Order granting expedited discovery that was entered on April 6, 2006. (Doc. # 19.) In this Order, the Court

allowed a narrow field of permissible discovery, limiting the "emergency" discovery to those matters related to Plaintiff's claims for injunctive relief. The Court also ordered that such discovery be narrowly tailored consistent with the holdings of <u>Dimension Data North America, Inc. v. NetStar-1, Inc.</u>, 226 F.R.D. 528 (E.D.N.C. 2005) (stating inter alia that plaintiff's expedited discovery requests seeking communications between defendants and any individuals regarding provisions of services defendants offer is *not* tailored to claims for injunctive relief). (Doc. #19).

Through the latest round of subpoenas, Plaintiff broadly seeks full access to information between the Defendants and their clients. Such a request is not in accordance with this Court's April 6, 2006, Order. Plaintiff is not attempting to collect information relative to its claims but rather is intruding into the trusted relationships that the Defendants should be able to enjoy with their clients. The Plaintiff must adhere to the provisions of this Court's April 6th Order and tailor its requests accordingly. The only information that could even tangentially relate to Plaintiff's claims would come from those time periods prior to execution of the agent or broker of record letter by the clients of the Defendants. Disclosure beyond that will undoubtedly damage the Defendants' business relationship and cause the Defendants to suffer harm. It is imperative that this Court enter a protective order with regard to the requested material to safeguard the Defendants' business interest and privileged information.

**2.      This Court should enter a protective order allowing for an *in camera inspection* of the requested information.**

Absent quashing the subject subpoenas, the only way to preserve the confidentiality of Defendants' business relationships and prevent the disclosure of confidential commercial information is to have a third party evaluate any produced

documents or information, e.g., an *in camera* review by this Court, by a special master, or by a third party agreed upon by counsel for Plaintiff and counsel for Defendants.

Defendants agree to further work with Plaintiff to locate an independent third party, subject to a confidentiality agreement as it relates to disclosing non-relevant information to Plaintiff, and at Plaintiff's expense, to perform a review of the information under an agreed upon search template and disclose such information to the parties.

As the issues presented in the Defendants' Motion to Quash filed on April 25, 2006 and in the present motion will almost certainly arise again as the expedited discovery period continues, this Court should enter a Protective Order limiting the scope of discovery that Plaintiff may seek to only that information relevant to Plaintiff's claims for injunctive relief and related to the Defendants' contact with clients or prospective clients of Plaintiff and exclude discovery that seeks information that is personal and protected by the right to privacy and pertains to confidential commercial information. Where protected and unprotected information may appear together this Court should order a third-party evaluation as discussed above.

### III. CONCLUSION

For the foregoing reasons, this Court should grant Defendants' Second Motion to Quash Subpoenas and for Protective Order, order that the subpoenas to SouthCoast Medical Group, LLC, Metal Crafts, Inc., MacAljon/SCL, Inc., Carroll & Carroll, Inc., and Hy-Sil Manufacturing Company, Inc. be quashed, and order that the scope of discovery that Plaintiff may seek and to which Defendants and third parties may be compelled to answer, produce or otherwise testify be limited to those matters that are relevant to Plaintiff's claims for injunctive relief, relate the Defendants' contact with

clients or prospective clients of Plaintiff and do not seek information that pertains to confidential commercial information.

This _____ day of May, 2006.

BRENNAN & WASDEN, LLP

By: _____
Wiley A. Wasden, III
Georgia Bar No. 738750
J. Curt Thomas
Georgia Bar No. 142278
Attorneys for Defendants

Post Office Box 8047
Savannah, Georgia 31412
(912) 232-6700

# EXHIBIT A



# LITTLER MENDELSON®

A PROFESSIONAL CORPORATION

ARIZONA

CALIFORNIA

COLORADO

DISTRICT OF
COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

MASSACHUSETTS

MINNESOTA

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

PENNSYLVANIA

TEXAS

WASHINGTON

April 21, 2006

Eric K. Smith
Direct: 404.760.3916
Direct Fax: 404.233.2361
esmith@littler.com

## VIA PERSONAL SERVICE

SouthCoast Medical Group, LLC
c/o Custodian of Records
7044 Hodgson Memorial Drive
Savannah, GA 31406

Re: *Wachovia Insurance Services, Inc. v. Paddison, et al.*
Civil Action No. 4:06-cv-83

Dear Sir or Madam:

We represent Wachovia Insurance Services, Inc. in the above-referenced lawsuit. Due to the nature of this case, we require certified copies of the documents, records, and things that are described in "Attachment A" to the enclosed subpoena to SouthCoast Medical Group, LLC ("SouthCoast").

The enclosed subpoena requires a SouthCoast representative to appear and produce the subpoenaed documents at Brown Reporting, Inc., 311 B West York Street, Savannah, GA 31401 on May 8, 2006. However, rather than having a representative appear and produce the documents, SouthCoast may satisfy the obligations of the subpoena by: (1) having its custodian of records execute the enclosed "Declaration of Custodian of Records" form; and (2) sending the original fully-executed Declaration form *and* copies of the responsive documents to us *via* Federal Express at the following address: Eric K. Smith, Littler Mendelson, P.C., 3348 Peachtree Road, N.E., Suite 1100, Atlanta, GA 30326-1008. If you choose this option, please feel free to charge the Federal Express fee to our Federal Express account number (1991-7441-9).

We also are enclosing a check to SouthCoast for $40.00, which represents the statutory fee for processing the enclosed subpoena. Should the cost of processing the subpoena exceed the amount enclosed, please contact me and we will immediately forward the additional amount needed, so as to prevent any delay in receiving the documents.

Finally, we also are enclosing a second check for mileage (should you decide to appear and produce the documents at Brown Reporting, rather than sending the documents to us via Federal Express).

SouthCoast Medical Group, LLC
c/o Custodian of Records
April 21, 2006
Page 2

We would like to receive the requested documents by no later than May 8, 2006. If for some reason you are not able to produce the requested documents by this date, or should you have any questions or comments, please do not hesitate to contact me.

Thank you for your time and attention to this matter.

Sincerely,

Eric K. Smith

EKS/dlk
Enclosures

cc:     Wiley A. Wasden, III, Esq. (with enclosures)
        D. Scott Porch, IV, Esq. (w/out enclosures)

Firmwide:81016002.1 051158.1019

# UNITED STATES DISTRICT COURT
## *Southern District of Georgia*

WACHOVIA INSURANCE SERVICES, INC.

### SUBPOENA IN A CIVIL CASE

V.

DAVID E. PADDISON, KAVIN K. SMITH, CHARLES
STEVEN EAGLE, MICHAEL E. BUTLER, MARY DEBORAH
RICH, CINDY ROBINETT, LOUIS ALLAN REYNOLDS, JR.,
and SEACREST PARTNERS, INC.

Case Number:[1] 4:06-cv-83

TO: SouthCoast Medical Group, LLC
c/o Custodian of Records
7044 Hodgson Memorial Drive
Savannah, GA 31406

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE  Brown Reporting, Inc. 311 B West York Street, Savannah, GA 31401 | DATE AND TIME May 8, 2006 at 3:00 p.m. |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Attorney for Plaintiff | DATE April 21, 2006 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric K. Smith, Littler Mendelson, P.C., 3348 Peachtree Road, N.E., Suite 1100,
Atlanta, GA 30326-1008; telephone: 404.233.0330

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

GAS Rev 2/12/02

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                              SIGNATURE OF SERVER

                                            _____
                                            ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

OJS Rev. 2/17/261

## ATTACHMENT "A"

Please provide any and all of the following records, documents, and things that are in the possession, custody, or control of SouthCoast Medical Group, LLC ("SouthCoast"). For the purpose of this subpoena: (a) the term "Individual Defendants" shall refer to Charles Steven Eagle, David E. Paddison, Mary Deborah Rich, Michael E. Butler, Kavin K. Smith, Cindy Robinett, and Louis Allan Reynolds, Jr., collectively; and (b) the term "Seacrest" shall refer to Seacrest Partners, Inc., and shall include all officers, employees, agents, and representatives of Seacrest Partners, Inc., as well as any other person or entity acting for or on behalf of Seacrest Partners, Inc.

1.  Any and all documents, materials, and things that SouthCoast (including any employee, agent, or representative of SouthCoast) has received from Seacrest, including but not limited to, letters, emails, email attachments, text messages, press releases, business statements, business cards, brochures, pamphlets, biographical statements, agreements, contracts, invoices, quotes, proposals, template or sample broker of record letters, draft or template letters notifying Wachovia Insurance Services ("WIS") of SouthCoast's decision to terminate the "existing consulting contract" that is referenced in Ms. Jill S. Harrison's March 30, 2006 letter to Mr. Joe Hargrove, suggested or sample language for notifying WIS of SouthCoast's decision to cancel the above-referenced "consulting contract," etc.

2.  Any and all written contracts/agreements (including any proposed contracts/agreements and draft contract/agreements), correspondence (including emails, email attachments, text messages, letters, memoranda, and faxes), and other documents that evidence, memorialize, describe, or reflect any actual, prospective, or proposed contracts, agreements, and/or understandings between SouthCoast and Seacrest relating to employee benefits, benefit consulting, services relating to employee benefits, insurance consulting services, insurance brokerage services, and/or other insurances services (including services relating to captives, excess insurance, stop-loss insurance, and reinsurance).

3.  Any and all documents that evidence, memorialize, describe, or reflect any negotiations and/or communications with, to, or from Seacrest and/or any of the Individual Defendants concerning or relating to any of the actual, prospective, and/or proposed contracts, agreements, or understandings that are described in Specification No. 2 above.

4.  Any and all documents that evidence, memorialize, describe, or reflect any meetings, actual or prospective transactions, and/or communications to Seacrest, from Seacrest, and/or with Seacrest, including but not limited to, invoices, bills, statements, proposals, quotes, bids, letters, email, email attachments, text messages, etc., faxes, memoranda, notes from conversations, notes or minutes from meetings, telephone messages, voice-mail messages, etc.

5.  Any and all documents that evidence, memorialize, describe, or reflect any meetings, actual or prospective transactions, and/or communications to any of the Individual Defendants, from any of the Individual Defendants, and/or with any of the Individual

1

Defendants during the period from January 4, 2006 through March 3, 2006, including but not limited to, proposals, quotes, bids, letters, email, email attachments, text messages, faxes, memoranda, notes from conversations, notes or minutes from meetings, telephone messages, voice-mail messages, etc.

6.  Any and all documents that evidence, memorialize, describe, or reflect any meetings, actual or prospective transactions, and/or communications to any of the Individual Defendants, from any of the Individual Defendants, and/or with any of the Individual Defendants during the period from March 3, 2006 to the present, including but not limited to, invoices, bills, statements, proposals, quotes, bids, letters, email, email attachments, text messages, faxes, memoranda, notes from conversations, notes or minutes from meetings, telephone messages, voice-mail messages, etc.

7.  Any and all documents, information, and other materials relating to employee benefits, any actual or prospective employee benefit plan or program, any insurance policy (including excess insurance, stop-loss insurance, and reinsurance), the renewal or placement of any insurance policy, insurance coverage, and/or any issue or matter involving or relating to insurance, employee benefits, and/or surety bonds, that SouthCoast (including any employee, agent, or representative of SouthCoast) sent, provided, or gave to any of the Individual Defendants during the period from January 4, 2006 through March 3, 2006.

8.  Any and all documents, information, and other materials relating to employee benefits, any actual or prospective employee benefit plan or program, any insurance policy (including excess insurance, stop-loss insurance, and reinsurance), the renewal or placement of any insurance policy, insurance coverage, and/or any issue or matter involving or relating to insurance, employee benefits, and/or surety bonds, that SouthCoast (including any employee, agent, or representative of SouthCoast) has sent, provided, or given to any of the Individual Defendants and/or Seacrest during the period from March 3, 2006 to the present.

9.  Any and all documents that evidence, memorialize, reference or relate to any service that Seacrest has performed or engaged in for SouthCoast.

10. Any and all other documents in the possession, custody, or control of SouthCoast that relate or refer to Seacrest.

2

WACHOVIA INSURANCE SERVICES, INC., )
)
     Plaintiff, )
)
vs. )     CIVIL ACTION NO. 4:06-cv-83
)
DAVID E. PADDISON, KAVIN K. SMITH, )
CHARLES STEVEN EAGLE, MICHAEL E. )
BUTLER, MARY DEBORAH RICH, CINDY )
ROBINETT, LOUIS ALLAN REYNOLDS, JR., )
and SEACREST PARTNERS, INC., )
)
     Defendants. )

## DECLARATION OF CUSTODIAN OF RECORDS

I, _____ , hereby declare and state:
        [print name above]

    1.     I am the duly authorized custodian of the SouthCoast Medical Group, LLC ("SouthCoast") records that are attached hereto. I have personal knowledge of the facts set forth below and could, if necessary, testify competently thereto if called upon to do so.

    2.     The attached SouthCoast records: (a) were made at or near the time of the occurrence of the matters set forth therein by, or from information transmitted by, a person with knowledge of those matters; (b) were and are kept in the course of SouthCoast's regularly conducted business activities; (c) were made or compiled as a regular practice of SouthCoast's regularly conducted business activities; and (d) were used and/or relied upon by SouthCoast in the ordinary course of its regularly conducted business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing two (2) paragraphs are true and correct.

Dated: This _____ Day of _____, 2006

_____

Signature

# **EXHIBIT B**

## LITTLER MENDELSON*

A PROFESSIONAL CORPORATION

ARIZONA

CALIFORNIA

COLORADO

DISTRICT OF
COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

MASSACHUSETTS

MINNESOTA

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

PENNSYLVANIA

TEXAS

WASHINGTON

April 21, 2006

Eric K. Smith
Direct: 404.760.3916
Direct Fax: 404.233.2361
esmith@littler.com

**VIA PERSONAL SERVICE**

Metal Crafts, Inc.
c/o Custodian of Records
4522 Ogeechee Road
Savannah, GA 31405

Re: *Wachovia Insurance Services, Inc. v. Paddison, et al.*
    Civil Action No. 4:06-cv-83

Dear Sir or Madam:

We represent Wachovia Insurance Services, Inc. in the above-referenced civil action. Due to the nature of this case, we require certified copies of the documents, records, and things that are described in "Attachment A" to the enclosed subpoena to Metal Crafts, Inc. ("MCI").

The enclosed subpoena requires an MCI representative to appear and produce the subpoenaed documents at Brown Reporting, Inc., 311 B West York Street, Savannah, GA 31401 on May 8, 2006. However, rather than having a representative appear and produce the documents, MCI may satisfy the obligations of the subpoena by: (1) having its custodian of records execute the enclosed "Declaration of Custodian of Records" form; and (2) sending the original fully-executed Declaration form *and* copies of the responsive documents to us *via* Federal Express at the following address: Eric K. Smith, Littler Mendelson, P.C., 3348 Peachtree Road, N.E., Suite 1100, Atlanta, GA 30326-1008. If you choose this option, please feel free to charge the Federal Express fee to our Federal Express account number (1991-7441-9).

We also are enclosing a check to MCI for $40.00, which represents the statutory fee for processing the enclosed subpoena. Should the cost of processing the subpoena exceed the amount enclosed, please contact me and we will immediately forward the additional amount needed, so as to prevent any delay in receiving the documents.

Finally, we also are enclosing a second check for mileage (should you decide to appear and produce the documents at Brown Reporting, rather than sending the documents to us via Federal Express).

Metal Crafts, Inc.
c/o Custodian of Records
April 21, 2006
Page 2

We would like to receive the requested documents by no later than May 8, 2006. If for some reason you are not able to produce the requested documents by this date, or should you have any questions or comments, please do not hesitate to contact me.

Thank you for your time and attention to this matter.

Sincerely,

Eric K. Smith

EKS/dlk
Enclosures

cc:    Wiley A. Wasden, III, Esq. (with enclosures)
       D. Scott Porch, IV, Esq. (w/out enclosures)

# UNITED STATES DISTRICT COURT
## Southern District of Georgia

WACHOVIA INSURANCE SERVICES, INC.

### SUBPOENA IN A CIVIL CASE

V.

DAVID E. PADDISON, KAVIN K. SMITH, CHARLES
STEVEN EAGLE, MICHAEL E. BUTLER, MARY DEBORAH      Case Number:[1]  4:06-cv-83
RICH, CINDY ROBINETT, LOUIS ALLAN REYNOLDS, JR.,
and SEACREST PARTNERS, INC.

TO:
    Metal Crafts, Inc.
    c/o Custodian of Records
    4522 Ogeechee Road, Savannah, GA 31405

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE  Brown Reporting, Inc.<br>311 B West York Street, Savannah, GA 31401 | DATE AND TIME<br>May 8, 2006 at 12:00 p.m. |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for<br>Plaintiff | DATE<br>April 21, 2006 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric K. Smith, Littler Mendelson, P.C., 3348 Peachtree Road, N.E., Suite 1100,
Atlanta, GA 30326-1008; telephone: 404.233.0330

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| | | |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |

| | | |
|---|---|---|
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                    DATE                    SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B) If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT "A"

Please provide any and all of the following records, documents, and things that are in the possession, custody, or control of Metal Crafts, Inc. ("MCI"). For the purpose of this subpoena: (a) the term "Individual Defendants" shall refer to Mary Deborah ("Debbie") Rich, Michael E. Butler, David E. Paddison, Kavin K. Smith, Charles Steven Eagle, Cindy Robinett, and Louis Allan Reynolds, Jr. collectively; and (b) the term "Seacrest" shall refer to Seacrest Partners, Inc., and shall include all officers, employees, agents, and representatives of Seacrest Partners, Inc., as well as any other person or entity acting for or on behalf of Seacrest Partners, Inc.

1.  Any and all documents, materials, and things that MCI (including any employee, agent, or representative of MCI) has received from Seacrest, including but not limited to, letters, emails, email attachments, text messages, press releases, business statements, business cards, broker of record letters, agent of record letters, template or sample broker of record letters, template or sample agent of record letters, brochures, pamphlets, biographical statements, agreements, contracts, invoices, handwritten notes, quotes, proposals, etc.

2.  Any and all documents and things relating or relevant to any insurance policy, the renewal or placement of any insurance policy, insurance coverage, and/or any issue or matter involving or relating to insurance and/or surety bonds, that MCI (including any employee, agent, or representative of MCI) sent, e-mailed, provided, or gave to any of the Individual Defendants during the period from January 4, 2006 through March 3, 2006.

3.  Any all documents and things relating or relevant to any insurance policy, the renewal or placement of any insurance policy, insurance coverage, and/or any issue or matter involving or relating to insurance and/or surety bonds, that MCI (including any employee, agent, or representative of MCI) has sent, e-mailed, provided, or given to any of the Individual Defendants during the period from March 3, 2006 to the present.

4.  Any and all documents and things relating or relevant to any insurance policy, the renewal or placement of any insurance policy, insurance coverage, and/or any issue or matter involving or relating to insurance and/or surety bonds, that MCI (including any employee, agent, or representative of MCI) has sent, e-mailed, provided, or given to Seacrest.

5.  Any and all documents that evidence, memorialize, describe, or reflect any meetings, actual or prospective transactions, and/or communications to any of the Individual Defendants, from any of the Individual Defendants, and/or with any of the Individual Defendants during the period from January 4, 2006 through March 3, 2006, including but not limited to, proposals, bids, letters, email, email attachments, text messages, etc., faxes, memoranda, notes from conversations, notes or minutes from meetings, telephone messages, voice-mail messages, contracts/agreements, etc.

6.  Any and all documents that evidence, memorialize, describe, or reflect any meetings, actual or prospective transactions, and/or communications to any of the Individual Defendants, from any of the Individual Defendants, and/or with any of the Individual

1

Defendants during the period from March 3, 2006 to the present, including but not limited to, bills, invoices, statements, proposals, bids, quotes, letters, email, email attachments, text messages, faxes, memoranda, notes from conversations, notes or minutes from meetings, telephone messages, voice-mail messages, contracts/agreements, etc.

7.     Any and all documents and things that evidence, memorialize, describe, or reflect any meetings, actual or prospective transactions, and/or communications to Seacrest, from Seacrest, and/or with Seacrest, including but not limited to, bills, invoices, statements, bids, proposals, quotes, letters, email, email attachments, text messages, faxes, memoranda, notes from conversations, notes or minutes from meetings, telephone messages, voice-mail messages, contracts/agreements, etc.

8.     Any and all Agent of Record Letters and/or Broker of Record Letters (collectively "BOR Letters") designating and/or appointing Seacrest as the agent of record or broker of record for MCI, as well as any and all drafts of such BOR Letters, and any and all documents that evidence, memorialize, relate, or refer to any such BOR Letters.

9.     Any and all documents that evidence, memorialize, reference or relate to any service that Seacrest has performed or engaged in for MCI.

10.    Any and all other documents and things in the possession, custody, or control of MCI that relate or refer to Seacrest.

| | |
|---|---|
| WACHOVIA INSURANCE SERVICES, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DAVID E. PADDISON, KAVIN K. SMITH, )<br>CHARLES STEVEN EAGLE, MICHAEL E. )<br>BUTLER, MARY DEBORAH RICH, CINDY )<br>ROBINETT, LOUIS ALLAN REYNOLDS, JR., )<br>and SEACREST PARTNERS, INC., )<br>)<br>Defendants. )<br>_____ ) | CIVIL ACTION NO. 4:06-cv-83 |

## DECLARATION OF CUSTODIAN OF RECORDS

I,_____, hereby declare and state:

[print name above]

1. I am the duly authorized custodian of the Metal Crafts, Inc. ("MCI") records that are attached hereto. I have personal knowledge of the facts set forth below and could, if necessary, testify competently thereto if called upon to do so.

2. The attached MCI records: (a) were made at or near the time of the occurrence of the matters set forth therein by, or from information transmitted by, a person with knowledge of those matters; (b) were and are kept in the course of MCI's regularly conducted business activities; (c) were made or compiled as a regular practice of MCI's regularly conducted business activities; and (d) were used and/or relied upon by MCI in the ordinary course of its regularly conducted business.

# EXHIBIT C

## LITTLER MENDELSON®

A PROFESSIONAL CORPORATION

ARIZONA

CALIFORNIA

COLORADO

DISTRICT OF
COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

MASSACHUSETTS

MINNESOTA

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

PENNSYLVANIA

TEXAS

WASHINGTON

April 21, 2006

Eric K. Smith
Direct: 404.760.3916
Direct Fax: 404.233.2361
esmith@littler.com

**VIA PERSONAL SERVICE**

MacAljon/SCL, Inc.
c/o Custodian of Records
4524 Ogeechee Road
Savannah, GA 31405

Re:     *Wachovia Insurance Services, Inc. v. Paddison, et al.*
        Civil Action No. 4:06-cv-83

Dear Sir or Madam:

We represent Wachovia Insurance Services, Inc. in the above-referenced civil action. Due to the nature of this case, we require certified copies of the documents, records, and things that are described in "Attachment A" to the enclosed subpoena to MacAljon/SCL, Inc. ("MacAljon").

The enclosed subpoena requires a MacAljon representative to appear and produce the subpoenaed documents at Brown Reporting, Inc., 311 B West York Street, Savannah, GA 31401 on May 8, 2006. However, rather than having a representative appear and produce the documents, MacAljon may satisfy the obligations of the subpoena by: (1) having its custodian of records execute the enclosed "Declaration of Custodian of Records" form; and (2) sending the original fully-executed Declaration form *and* copies of the responsive documents to us *via* Federal Express at the following address: Eric K. Smith, Littler Mendelson, P.C., 3348 Peachtree Road, N.E., Suite 1100, Atlanta, GA 30326-1008. If you choose this option, please feel free to charge the Federal Express fee to our Federal Express account number (1991-7441-9).

We also are enclosing a check to MacAljon for $40.00, which represents the statutory fee for processing the enclosed subpoena. Should the cost of processing the subpoena exceed the amount enclosed, please contact me and we will immediately forward the additional amount needed, so as to prevent any delay in receiving the documents.

Finally, we also are enclosing a second check for mileage (should you decide to appear and produce the documents at Brown Reporting, rather than sending the documents to us via Federal Express).

We would like to receive the requested documents by no later than May 8, 2006. If for some reason you are not able to produce the requested documents by this date, or should you have any questions or comments, please do not hesitate to contact me.

Thank you for your time and attention to this matter.

Sincerely,

Eric K. Smith

EKS/dlk
Enclosures

cc:     Wiley A. Wasden, III, Esq. (with enclosures)
        D. Scott Porch, IV, Esq. (w/out enclosures)

Firmwide:81015910.1 051158.1019

# UNITED STATES DISTRICT COURT
## Southern District of Georgia

WACHOVIA INSURANCE SERVICES, INC.

V.

### SUBPOENA IN A CIVIL CASE

DAVID E. PADDISON, KAVIN K. SMITH, CHARLES
STEVEN EAGLE, MICHAEL E. BUTLER, MARY DEBORAH
RICH, CINDY ROBINETT, LOUIS ALLAN REYNOLDS, JR.,
AND SEACREST PARTNERS, INC.

Case Number:[1] 4:06-cv-83

TO: MacAljon/SCL, Inc.
c/o Custodian of Records
4524 Ogeechee Road, Savannah, GA 31405

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE Brown Reporting, Inc. 311 B West York Street, Savannah, GA 31401 | DATE AND TIME May 8, 2006 at 1:00 p.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Plaintiff | DATE April 21, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric K. Smith, Littler Mendelson, P.C., 3348 Peachtree Road, N.E., Suite 1100, Atlanta, GA 30326-1008; telephone: 404.233.0330

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT "A"

Please provide any and all of the following records, documents, and things that are in the possession, custody, or control of MacAljon/SCL, Inc. ("MacAljon"). For the purpose of this subpoena: (a) the term "Individual Defendants" shall refer to David E. Paddison, Mary Deborah Rich, Michael E. Butler, Kavin K. Smith, Charles Steven Eagle, Cindy Robinett, and Louis Allan Reynolds, Jr., collectively; and (b) the term "Seacrest" shall refer to Seacrest Partners, Inc., and shall include all officers, employees, agents, and representatives of Seacrest Partners, Inc., as well as any other person or entity acting for or on behalf of Seacrest Partners, Inc.

1. Any and all documents, materials, and things that MacAljon (including any employee, agent, or representative of MacAljon) has received from Seacrest, including but not limited to, letters, emails, email attachments, text messages, press releases, business statements, business cards, broker of record letters, agent of record letters, template or sample broker of record letters, template or sample agent of record letters, brochures, pamphlets, biographical statements, agreements, contracts, invoices, handwritten notes, quotes, proposals, etc.

2. Any and all documents and things relating or relevant to any insurance policy, the renewal or placement of any insurance policy, insurance coverage, and/or any issue or matter involving or relating to insurance and/or surety bonds, that MacAljon (including any employee, agent, or representative of MacAljon) sent, e-mailed, provided, or gave to any of the Individual Defendants during the period from January 4, 2006 through March 3, 2006.

3. Any and all documents and things relating or relevant to any insurance policy, the renewal or placement of any insurance policy, insurance coverage, and/or any issue or matter involving or relating to insurance and/or surety bonds, that MacAljon (including any employee, agent, or representative of MacAljon) has sent, e-mailed, provided, or given to any of the Individual Defendants during the period from March 3, 2006 to the present.

4. Any and all documents and things relating or relevant to any insurance policy, the renewal or placement of any insurance policy, insurance coverage, and/or any issue or matter involving or relating to insurance and/or surety bonds, that MacAljon (including any employee, agent, or representative of MacAljon) has sent, e-mailed, provided, or given to Seacrest.

5. Any and all documents that evidence, memorialize, describe, or reflect any meetings, actual or prospective transactions, and/or communications to any of the Individual Defendants, from any of the Individual Defendants, and/or with any of the Individual Defendants during the period from January 4, 2006 through March 3, 2006, including but not limited to, proposals, bids, letters, email, email attachments, text messages, faxes, memoranda, notes from conversations, notes or minutes from meetings, telephone messages, voice-mail messages, contracts/agreements, etc.

1

6. Any and all documents that evidence, memorialize, describe, or reflect any meetings, actual or prospective transactions, and/or communications to any of the Individual Defendants, from any of the Individual Defendants, and/or with any of the Individual Defendants during the period from March 3, 2006 to the present, including but not limited to, invoices, bills, proposals, quotes, bids, letters, email, email attachments, text messages, faxes, memoranda, notes from conversations, notes or minutes from meetings, telephone messages, voice-mail messages, contracts/agreements, etc.

7. Any and all documents that evidence, memorialize, describe, or reflect any meetings, actual or prospective transactions, and/or communications to Seacrest, from Seacrest, and/or with Seacrest, including but not limited to, invoices, bills, statements, quotes, proposals, bids, letters, email, email attachments, text messages, faxes, memoranda, notes from conversations, notes or minutes from meetings, telephone messages, voice-mail messages, contracts/agreements, etc.

8. Any and all Agent of Record Letters and/or Broker of Record Letters (collectively "BOR Letters") designating and/or appointing Seacrest as the agent of record or broker of record for MacAljon, as well as any and all drafts of such BOR Letters, and any and all documents that evidence, memorialize, relate, or refer to any such BOR Letters.

9. Any and all documents that evidence, memorialize, reference or relate to any service that Seacrest has performed or engaged in for MacAljon.

10. Any and all other documents and things in the possession, custody, or control of MacAljon that relate or refer to Seacrest.

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

WACHOVIA INSURANCE SERVICES, INC., )
                                                 )
      Plaintiff,                        )
                                                 )
vs.                                          )     CIVIL ACTION NO. 4:06-cv-83
                                               )
DAVID E. PADDISON, KAVIN K. SMITH, )
CHARLES STEVEN EAGLE, MICHAEL E. )
BUTLER, MARY DEBORAH RICH, CINDY )
ROBINETT, LOUIS ALLAN REYNOLDS, JR., )
and SEACREST PARTNERS, INC., )
                                               )
      Defendants.                   )

## DECLARATION OF CUSTODIAN OF RECORDS

I, _____, hereby declare and state:
            [print name above]

1.     I am the duly authorized custodian of the MacAljon/SCL, Inc. ("MacAljon") records that are attached hereto. I have personal knowledge of the facts set forth below and could, if necessary, testify competently thereto if called upon to do so.

2.     The attached MacAljon records: (a) were made at or near the time of the occurrence of the matters set forth therein by, or from information transmitted by, a person with knowledge of those matters; (b) were and are kept in the course of MacAljon's regularly conducted business activities; (c) were made or compiled as a regular practice of MacAljon's regularly conducted business activities; and (d) were used and/or relied upon by MacAljon in the ordinary course of its regularly conducted business.

# EXHIBIT D



ARIZONA

CALIFORNIA

COLORADO

DISTRICT OF
COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

MASSACHUSETTS

MINNESOTA

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

PENNSYLVANIA

TEXAS

WASHINGTON

April 21, 2006

Eric K. Smith
Direct: 404.760.3916
Direct Fax: 404.233.2361
esmith@littler.com

**VIA PERSONAL SERVICE**

Carroll & Carroll, Inc.
c/o Custodian of Records
1 Foundation Drive
Savannah, GA 31408

Re:  *Wachovia Insurance Services, Inc. v. Paddison, et al.*
Civil Action No. 4:06-cv-83

Dear Sir or Madam:

We represent Wachovia Insurance Services, Inc. in the above-referenced lawsuit. Due to the nature of this case, we require certified copies of the documents, records, and things that are described in "Attachment A" to the enclosed subpoena to Carroll & Carroll, Inc. ("CCI").

The enclosed subpoena requires a CCI representative to appear and produce the subpoenaed documents at Brown Reporting, Inc., 311 B West York Street, Savannah, GA 31401 on May 8, 2006. However, rather than having a representative appear and produce the documents, CCI may satisfy the obligations of the subpoena by: (1) having its custodian of records execute the enclosed "Declaration of Custodian of Records" form; and (2) sending the original fully-executed Declaration form *and* copies of the responsive documents to us *via* Federal Express at the following address: Eric K. Smith, Littler Mendelson, P.C., 3348 Peachtree Road, N.E., Suite 1100, Atlanta, GA 30326-1008. If you choose this option, please feel free to charge the Federal Express fee to our Federal Express account number (1991-7441-9).

We also are enclosing a check to CCI for $40.00, which represents the statutory fee for processing the enclosed subpoena. Should the cost of processing the subpoena exceed the amount enclosed, please contact me and we will immediately forward the additional amount needed, so as to prevent any delay in receiving the documents.

Finally, we also are enclosing a second check for mileage (should you decide to appear and produce the documents at Brown Reporting, rather than sending the documents to us via Federal Express).

We would like to receive the requested documents by no later than May 8, 2006. If for some reason you are not able to produce the requested documents by this date, or should you have any questions or comments, please do not hesitate to contact me.

Thank you for your time and attention to this matter.

Sincerely,

Eric K. Smith

EKS/dlk
Enclosures

cc:     Wiley A. Wasden, III, Esq. (with enclosures)
        D. Scott Porch, IV, Esq. (w/out enclosures)

Firmwide:81015965.1 051158.1019

# UNITED STATES DISTRICT COURT
## Southern District of Georgia

WACHOVIA INSURANCE SERVICES, INC.

**SUBPOENA IN A CIVIL CASE**

V.

DAVID E. PADDISON, KAVIN K. SMITH, CHARLES
STEVEN EAGLE, MICHAEL E. BUTLER, MARY DEBORAH
RICH, CINDY ROBINETT, LOUIS ALLAN REYNOLDS, JR.,
and SEACREST PARTNERS, INC.

Case Number:[1] 4:06-cv-83

TO: Carroll & Carroll, Inc.
c/o Custodian of Records
1 Foundation Drive, Savannah, GA 31408

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE Brown Reporting, Inc.<br>311 B West York Street, Savannah, GA 31401 | DATE AND TIME<br>May 8, 2006 at 2:00 p.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff | DATE<br>April 21, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric K. Smith, Littler Mendelson, P.C., 3348 Peachtree Road, N.E., Suite 1100, Atlanta, GA 30326-1008; telephone: 404.233.0330

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|
| | | |

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
                    DATE              SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after the service of subpoena or before the time specified for compliance if such time is less than 14 days after the service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Please provide any and all of the following records, documents, and things that are in the possession, custody, or control of Carroll & Carroll, Inc. ("CCI"). For the purpose of this subpoena: (a) the term "Individual Defendants" shall refer to David E. Paddison, Mary Deborah Rich, Michael E. Butler, Kavin K. Smith, Charles Steven Eagle, Cindy Robinett, and Louis Allan Reynolds, Jr., collectively; and (b) the term "Seacrest" shall refer to Seacrest Partners, Inc., and shall include all officers, employees, agents, and representatives of Seacrest Partners, Inc., as well as any other person or entity acting for or on behalf of Seacrest Partners, Inc.

1. Any and all documents, materials, and things that CCI (including any employee, agent, or representative of CCI) has received from Seacrest, including but not limited to, letters, emails, email attachments, text messages, press releases, business statements, business cards, broker of record letters, agent of record letters, template or sample broker of record letters, template or sample agent of record letters, brochures, pamphlets, biographical statements, agreements, contracts, invoices, handwritten notes, quotes, proposals, etc.

2. Any and all documents and things relating or relevant to any insurance policy, the renewal or placement of any insurance policy, insurance coverage, and/or any issue or matter involving or relating to insurance and/or surety bonds, that CCI (including any employee, agent, or representative of CCI) sent, e-mailed, provided, or gave to any of the Individual Defendants during the period from January 4, 2006 through March 3, 2006.

3. Any and all documents and things relating or relevant to any insurance policy, the renewal or placement of any insurance policy, insurance coverage, and/or any issue or matter involving or relating to insurance and/or surety bonds, that CCI (including any employee, agent, or representative of CCI) has sent, e-mailed, provided, or given to any of the Individual Defendants during the period from March 3, 2006 to the present.

4. Any and all documents and things relating or relevant to any insurance policy, the renewal or placement of any insurance policy, insurance coverage, and/or any issue or matter involving or relating to insurance and/or surety bonds, that CCI (including any employee, agent, or representative of CCI) has sent, provided, e-mailed, or given to Seacrest.

5. Any and all documents that evidence, memorialize, describe, or reflect any meetings, actual or prospective transactions, and/or communications to any of the Individual Defendants, from any of the Individual Defendants, and/or with any of the Individual Defendants during the period from January 4, 2006 through March 3, 2006, including but not limited to, proposals, quotes, letters, email, email attachments, text messages, faxes, memoranda, notes from conversations, notes or minutes from meetings, telephone messages, voice-mail messages, contracts/agreements, etc.

6. Any and all documents that evidence, memorialize, describe, or reflect any meetings, actual or prospective transactions, and/or communications to any of the Individual Defendants, from any of the Individual Defendants, and/or with any of the Individual

1

WACHOVIA INSURANCE SERVICES, INC., )
                                 )
     **Plaintiff,**             )
                                 )
**vs.**                                 )     **CIVIL ACTION NO. 4:06-cv-83**
                                 )
**DAVID E. PADDISON, KAVIN K. SMITH,** )
**CHARLES STEVEN EAGLE, MICHAEL E.** )
**BUTLER, MARY DEBORAH RICH, CINDY** )
**ROBINETT, LOUIS ALLAN REYNOLDS, JR.,** )
**and SEACREST PARTNERS, INC.,**      )
                                 )
     **Defendants.**          )

## DECLARATION OF CUSTODIAN OF RECORDS

I, _____, hereby declare and state:
        [print name above]

1.    I am the duly authorized custodian of the Carroll & Carroll, Inc. ("CCI") records that are attached hereto. I have personal knowledge of the facts set forth below and could, if necessary, testify competently thereto if called upon to do so.

2.    The attached CCI records: (a) were made at or near the time of the occurrence of the matters set forth therein by, or from information transmitted by, a person with knowledge of those matters; (b) were and are kept in the course of CCI's regularly conducted business activities; (c) were made or compiled as a regular practice of CCI's regularly conducted business activities; and (d) were used and/or relied upon by CCI in the ordinary course of its regularly conducted business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing two (2) paragraphs are true and correct.

Dated: This _____ Day of _____, 2006

_____
Signature

2

# **EXHIBIT E**

# LITTLER MENDELSON*

A PROFESSIONAL CORPORATION

Eric K. Smith
Direct: 404.760.3916
Direct Fax: 404.233.2361
esmith@littler.com

April 21, 2006

## VIA PERSONAL SERVICE

Hy-Sil Manufacturing Company, Inc.
c/o Custodian of Records
338 Industrial Boulevard
Midway, GA 31320

Re: *Wachovia Insurance Services, Inc. v. Paddison et al.*
Civil Action No. 4:06-cv-83

Dear Sir or Madam:

We represent Wachovia Insurance Services, Inc. in the above-referenced civil action. Due to the nature of this case, we require certified copies of the documents, records, and things that are described in "Attachment A" to the enclosed subpoena to Hy-Sil Manufacturing Company, Inc. ("Hy-Sil").

The enclosed subpoena requires a Hy-Sil representative to appear and produce the subpoenaed documents at Brown Reporting, Inc., 311 B West York Street, Savannah, GA 31401 on May 8, 2006. However, rather than having a representative appear and produce the documents, Hy-Sil may satisfy the obligations of the subpoena by: (1) having its custodian of records execute the enclosed "Declaration of Custodian of Records" form; and (2) sending the original fully-executed Declaration form *and* copies of the responsive documents to us *via* Federal Express at the following address: Eric K. Smith, Littler Mendelson, P.C., 3348 Peachtree Road, N.E., Suite 1100, Atlanta, GA 30326-1008. If you choose this option, please feel free to charge the Federal Express fee to our Federal Express account number (1991-7441-9).

We also are enclosing a check to Hy-Sil for $40.00, which represents the statutory fee for processing the enclosed subpoena. Should the cost of processing the subpoena exceed the amount enclosed, please contact me and we will immediately forward the additional amount needed, so as to prevent any delay in receiving the documents.

Finally, we also are enclosing a second check for mileage (should you decide to appear and produce the documents at Brown Reporting, rather than sending the documents to us via Federal Express).

ARIZONA

CALIFORNIA

COLORADO

DISTRICT OF
COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

MASSACHUSETTS

MINNESOTA

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

PENNSYLVANIA

TEXAS

WASHINGTON

Hy-Sil Manufacturing Company, Inc.
c/o Custodian of Records
April 21, 2006
Page 2

We would like to receive the requested documents by no later than May 8, 2006. If for some reason you are not able to produce the requested documents by this date, or should you have any questions or comments, please do not hesitate to contact me.

Thank you for your time and attention to this matter.

Sincerely,

Eric K. Smith

EKS/dlk
Enclosures

cc:     Wiley A. Wasden, III, Esq. (with enclosures)
        D. Scott Porch, IV, Esq. (w/out enclosures)

# UNITED STATES DISTRICT COURT
## *Southern District of Georgia*

WACHOVIA INSURANCE SERVICES, INC.

### SUBPOENA IN A CIVIL CASE

V.

DAVID E. PADDISON, KAVIN K. SMITH, CHARLES
STEVEN EAGLE, MICHAEL E. BUTLER, MARY DEBORAH    Case Number:[1] 4:06-cv-83
RICH, CINDY ROBINETT, LOUIS ALLAN REYNOLDS, JR.,
AND SEACREST PARTNERS, INC.

TO:
   Hy-Sil Manufacturing Company, Inc.
   c/o Custodian of Records
   338 Industrial Blvd., Midway, GA 31320

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

     SEE ATTACHMENT A

| PLACE Brown Reporting, Inc.<br>311 B West York St., Savannah, GA 31401 | DATE AND TIME<br>May 8, 2006 at 11:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for<br>Plaintiff | DATE<br>April 21, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
   Eric K. Smith, Littler Mendelson, P.C., 3348 Peachtree Road, N.E., Suite 1100,
Atlanta, GA 30326-1008; telephone: 404.233.0330

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME)          MANNER OF SERVICE

SERVED BY (PRINT NAME)          TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
           DATE           SIGNATURE OF SERVER

                       ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection or copying unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person, who is not a party or an officer of a party to travel to a place more than 100 miles from the place, where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# ATTACHMENT "A"

Please provide any and all of the following records, documents, and things that are in the possession, custody, or control of Hy-Sil Manufacturing Company, Inc., d/b/a The Gift Wrap Company ("HMC"). For the purpose of this subpoena: (a) the term "Individual Defendants" shall refer to Michael E. Butler, David E. Paddison, Kavin K. Smith, Charles Steven Eagle, Mary Deborah Rich, Cindy Robinett, and Louis Allan Reynolds, Jr. collectively; and (b) the term "Seacrest" shall refer to Seacrest Partners, Inc., and shall include all officers, employees, agents, and representatives of Seacrest Partners, Inc., as well as any other person or entity acting for or on behalf of Seacrest Partners, Inc.

1. Any and all documents, materials, and things that HMC (including any employee, agent, or representative of HMC) has received from Seacrest, including but not limited to, letters, emails, email attachments, text messages, press releases, business statements, business cards, broker of record letters, agent of record letters, template or sample broker of record letters, template or sample agent of record letters, brochures, pamphlets, biographical statements, agreements, contracts, invoices, handwritten notes, quotes, proposals, etc.

2. Any and all documents and things relating or relevant to any insurance policy, the renewal or placement of any insurance policy, insurance coverage, and/or any issue or matter involving or relating to insurance and/or surety bonds, that HMC (including any employee, agent, or representative of HMC) sent, e-mailed, provided, or gave to any of the Individual Defendants during the period from January 4, 2006 through March 3, 2006.

3. Any and all documents and things relating or relevant to any insurance policy, the renewal or placement of any insurance policy, insurance coverage, and/or any issue or matter involving or relating to insurance and/or surety bonds, that HMC (including any employee, agent, or representative of HMC) has sent, e-mailed, provided, or given to any of the Individual Defendants during the period from March 3, 2006 to the present.

4. Any and all documents and things relating or relevant to any insurance policy, the renewal or placement of any insurance policy, insurance coverage, and/or any issue or matter involving or relating to insurance and/or surety bonds, that HMC (including any employee, agent, or representative of HMC) has sent, e-mailed, provided, or given to Seacrest.

5. Any and all documents that evidence, memorialize, describe, or reflect any meetings, actual or prospective transactions, and/or communications to any of the Individual Defendants, from any of the Individual Defendants, and/or with any of the Individual Defendants during the period from January 4, 2006 through March 3, 2006, including but not limited to, proposals, bids, letters, email, email attachments, text messages, faxes, memoranda, notes from conversations, notes or minutes from meetings, telephone messages, voice-mail messages, contracts/agreements, etc.

6.      Any and all documents that evidence, memorialize, describe, or reflect any meetings, actual or prospective transactions, and/or communications to any of the Individual Defendants, from any of the Individual Defendants, and/or with any of the Individual Defendants during the period from March 3, 2006 to the present, including but not limited to, invoices, bills, statements, bids, proposals, quotes, letters, email, email attachments, text messages, faxes, memoranda, notes from conversations, notes or minutes from meetings, telephone messages, voice-mail messages, contracts/agreements, etc.

7.      Any and all documents that evidence, memorialize, describe, or reflect any meetings, actual or prospective transactions, and/or communications to Seacrest, from Seacrest, and/or with Seacrest, including but not limited to, invoices, bills, statements, bids, proposals, quotes, letters, email, email attachments, text messages, faxes, memoranda, notes from conversations, notes or minutes from meetings, telephone messages, voice-mail messages, contracts/agreements, etc.

8.      Any and all Agent of Record Letters and/or Broker of Record Letters (collectively "BOR Letters") designating and/or appointing Seacrest as the agent of record or broker of record for HMC, as well as any and all drafts of such BOR Letters, and any and all documents that evidence, memorialize, relate, or refer to any such BOR Letters.

9.      Any and all documents that evidence, memorialize, reference or relate to any service that Seacrest has performed or engaged in for HMC.

10.     Any and all other documents and things in the possession, custody, or control of HMC that relate or refer to Seacrest.

2

| | | |
|---|---|---|
| WACHOVIA INSURANCE SERVICES, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO. 4:06-cv-83** |
| | ) | |
| DAVID E. PADDISON, KAVIN K. SMITH, | ) | |
| CHARLES STEVEN EAGLE, MICHAEL E. | ) | |
| BUTLER, MARY DEBORAH RICH, CINDY | ) | |
| ROBINETT, LOUIS ALLAN REYNOLDS, JR., | ) | |
| and SEACREST PARTNERS, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |

## DECLARATION OF CUSTODIAN OF RECORDS

I, _____, hereby declare and state:
[print name above]

1.  I am the duly authorized custodian of the Hy-Sil Manufacturing Company, Inc. ("Hy-Sil") records that are attached hereto. I have personal knowledge of the facts set forth below and could, if necessary, testify competently thereto if called upon to do so.

2.  The attached Hy-Sil records: (a) were made at or near the time of the occurrence of the matters set forth therein by, or from information transmitted by, a person with knowledge of those matters; (b) were and are kept in the course of Hy-Sil's regularly conducted business activities; (c) were made or compiled as a regular practice of Hy-Sil's regularly conducted business activities; and (d) were used and/or relied upon by Hy-Sil in the ordinary course of its regularly conducted business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing two (2) paragraphs are true and correct.

Dated: This _____ Day of _____, 2006

_____
Signature

2

# EXHIBIT F

COUNTY OF CHATHAM  )
                   )
STATE OF GEORGIA   )

## AFFIDAVIT OF DAVID E. PADDISON.

PERSONALLY APPEARED before me, the undersigned officer, duly authorized to administer oaths, David E. Paddison, who, after being duly sworn, under oath, states and deposes as follows:

1.

My name is David E. Paddison and I am over 18 years of age and am competent in all ways to give this Affidavit. I am the President of Seacrest Partners, Inc.

2.

I am giving this Affidavit based on my own personal knowledge and understanding of the matters contained herein.

3.

I am giving this Affidavit to be used in the case of <u>Wachovia Insurance Services, Inc. v. David E. Paddison, et al</u>, pending in the United States District Court for the Southern District of Georgia, Savannah Division, Civil Action Number 406-CV-083.

4.

Plaintiff in the above-referenced case has served subpoenas on SouthCoast Medical Group, LLC, Metal Crafts, Inc., MacAljon/SCL, Inc., Carroll & Carroll, Inc. and Hy-Sil Manufacturing Company, Inc. who are all clients of Seacrest Partners, Inc.

5.

The records sought contain information relating to the confidential business relationship between the Defendants in the above-reference matter and their clients.

6.

The records sought contain confidential commercial information that includes sensitive pricing and rating structures relied upon by Seacrest Partners, Inc. in the development and maintenance of its client relationships.

7.

If disclosed, the information sought by Plaintiff could be used to unfairly compete with Seacrest Partners, Inc.

9.

Plaintiff's subpoena seeks extensive and intrusive information about the aspects of the business relationship between the employees and clients of Seacrest Partners, Inc., and such information is confidential and proprietary.

Further, affiant sayeth naught.

This _4th_ day of May, 2006.

_____
DAVID E. PADDISON

Sworn to and subscribed before me
this _4th_ day of May, 2006.

_____
NOTARY PUBLIC

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| WACHOVIA INSURANCE SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Civil Action No. 406-CV-083 |
| DAVID E. PADDISON, KAVIN K. SMITH, | ) | |
| CHARLES STEVEN EAGLE, MICHAEL E. | ) | |
| BUTLER, MARY DEBORAH RICH, CINDY | ) | |
| ROBINETT, LOUIS ALLAN REYNOLDS, JR., | ) | |
| and SEACREST PARTNERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## RULE 26(c) CERTIFICATION

COMES NOW Wiley A. Wasden, III, ("Movant") attorney of record for

Defendants and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure certifies

that he has in good faith conferred with counsel for Plaintiff in an effort to resolve the

current dispute regarding Plaintiff's request for information from Defendants' clients.

[Signature on the following page.]

This ___4th___ day of May, 2006.

BRENNAN & WASDEN, LLP

By:    _____
       Wiley A. Wasden, III
       Georgia Bar No. 738750
       Attorneys for Defendants

Post Office Box 8047
Savannah, Georgia 31412
(912) 232-6700